UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THE GRAY INSURANCE COMPANY                    CIVIL ACTION

VERSUS                                        NO.  11-3066

STATE INSURANCE FUND OF NEW YORK              SECTION  "N"  (3)

## ORDER AND REASONS

   Presently before the Court is a motion filed by Defendant New York State Insurance Fund seeking dismissal, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, of Plaintiff Gray Insurance Company's claims.  *See* Rec. Doc. 12.  For the reasons stated herein, **IT IS ORDERED** that the defendant's motion is **GRANTED** to the extent that the plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

   This action involves a coverage dispute between two insurers, Plaintiff Gray Insurance Company ("Gray") and Defendant New York State Insurance Fund ("NYSIF"). Both parties insure Sabre Industries ("Sabre"). Gray seeks declaratory judgment that NYSIF owes workers' compensation insurance coverage, on a primary basis, for a claim filed by Keith Twitchell ("Twitchell"), an employee of Sabre. Gray further seeks recovery of all of the expenses it has incurred as a result of NYSIF's denial of Twitchell's claim.

   Although Sabre is located in Bossier City, Louisiana, it conducts operations outside of Louisiana.  For certain excess workers' compensation and employers' liability risks, Sabre

obtained a policy from Gray that was in effect at the time of Twitchell's alleged injury. For employees based out of New York, such as Twitchell, however, Sabre purchased workers' compensation insurance from NYSIF.  Following NYSIF's denial of Twitchell's claim for workers' compensation benefits, Gray paid the claim.  Nevertheless, believing that NYSIF should have paid Twitchell's claim, Gray brings this suit for a declaration of its rights, and reimbursement of its expenses.

## LAW AND ANALYSIS

Among other assertions made in support of its motion, NYSIF contends that the Court lacks subject matter jurisdiction over this action because, under the Eleventh Amendment of the United States Constitution, NYSIF is immune from suit in federal court.  Having carefully considered applicable law and the parties' submissions, the Court agrees.

Unless expressly waived by a state, or lawfully abrogated by Congress, the Eleventh Amendment limits Article III subject matter jurisdiction by immunizing states from suits in federal court brought by its own citizens or those from another state.  *Pennhurst State School v. Halderman*, 465 U.S. 89, 98-100 (1984); *Union Pacific Railroad Company v. Louisiana Public Service Commission*, 662 F.3d 336, 340 (5th Cir. 2011)(internal citations omitted)("state sovereign immunity doctrine is unique because it acts as an affirmative defense, while also containing traits more akin to a limitation on subject-matter jurisdiction"; the Eleventh Amendment "enacts a sovereign immunity from suit, rather than a non-waivable limit on federal subject matter jurisdiction").[1]  This

---

[1]     The doctrine of sovereign immunity is rooted in the Eleventh Amendment of the United States Constitution, which provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . ."

immunity also applies to state agencies and departments, and any other entity deemed to be an "alter ego" or "arm" of the state. *Union Pacific Railroad Company*, 662 F.3d at 340 n.3; *see also Pennhurst State School*, 465 U.S. at 101. It does not apply to political subdivisions. *Hudson v. City of New Orleans,* 174 F.3d 677, 681 (5th Cir. 1999).

Here, NYSIF argues that it should receive Eleventh Amendment protection because it is a New York state agency, haled into federal court by Gray, a citizen of another state. In evaluating this assertion, the Court utilizes a six-factor test, established by the Court of Appeals for the Fifth Circuit, to help determine whether a suit against a governmental agency should be considered a suit against the state. *See Hudson,* 174 F.3d at 679. Those factors are:

1. Whether the state statutes and case law view the agency as an arm of the state;
2. The source of the entity's funding;
3. The entity's degree of local autonomy;
4. Whether the entity is concerned primarily with local as opposed to statewide, problems;
5. Whether the entity has the authority to sue and be sued in its own name; and
6. Whether the entity has a right to hold and use property.

*Id.* (*quoting Clark v. Tarrant Cty.*, 798 F.2d 736, 744-45 (5th Cir. 1986)). A defendant need not satisfy all six factors to avail itself of sovereign immunity protection, but certain factors weigh more heavily than others. *Id.* at 682. Because it concerns the impact on the state treasury, the second is the most important. *Id.* at 682-83; *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974)("the rule has evolved that a suit by private parties seeking to impose a liability [that] must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). The last two are less significant. *Hudson,* 174 F.3d at 682.

In *Lipofsky v. Steingut*, 86 F.3d 15 (2d Cir.), *cert. denied,* 519 U.S. 971 (1996), the

Court of Appeals for the Second Circuit, considering many of the *Clark* factors, found NYSIF to qualify for sovereign immunity, as a state agency, despite the fact that it functions similarly to a private insurer in many regards.  *Id.* at 16-17.[2]  Thus, the appellate court affirmed the trial court's dismissal of a Florida citizen's claim against NYSIF for nonpayment of a workers' compensation award.  *Id.* at 18.  The *Lipofsky* court found it decisive that NYSIF "is an entity created and controlled by the State;" that two of its commissioners are appointed by the governor with the advice and consent of the state senate; that its expenses are subject to the approval of the state budgeting director;  that its funds are non-distinct from those of the State and "are controlled by, and may be commingled with other funds of, the State; [that] its funds may be used to pay other state obligations;" and that its debts are ultimately backed by the State.  *Id.* at 17.  The Second Circuit also placed significant weight on its conclusion that, if the plaintiff prevailed in the case, "the award would effectively be paid out of State funds." *Id.*

In the present case, Gray, like the plaintiff in *Lipofsky*, urges that, given the circumstances of the case and manner in which the NYSIF operates, the NYSIF should be treated as a private insurer rather than a state agency.  Gray also emphasizes that the NYSIF has insurance-related activities that extend beyond New York's state borders.

Although Gray's assertions are not without some appeal, the Court, on the showing made, is not convinced that divergence from the Second Circuit's opinion in *Lipofsky* is warranted.  Indeed, the only factor of the Fifth Circuit's *Clark* test not expressly addressed in the *Lipofksy* decision is whether the entity is primarily concerned with broader, statewide, problems, rather than

---

[2]    The Second Circuit reached the same conclusion in *Strunk v. New York State Insurance Fund,* Docket No. 02-7433, 47 Fed. Appx. 611, 612, 2002 WL 31261726,*1 (2d Cir. 2002).

local matters. *See Hudson,* 174 F.3d at 679 (discussing the factor); *see also, e.g., Jacintoport Corp. v. Greater Baton Rouge Port Com'n*, 762 F.2d 435, 443 (5th Cir. 1985)(the commission's focus on a single port weighed against sovereign immunity). The Court finds that factor likewise supports sovereign immunity. That is, NYSIF has been created by statute to provide workers' compensation coverage to employers conducting operations throughout the State of New York. Although, as Gray points out, NYSIF's policy also extends coverage, by endorsement, to workers, like Twitchell, who are regularly employed inside the state, but are temporarily assigned outside the state, ensuring the availability of insurance benefits to all of the state's workers suffering occupational injuries is a statewide, rather than localized, concern, regardless of whether the injuries occur within the state's geographical boundaries.[3]

      Given its statewide purpose and operations, and for substantially the reasons set forth in *Lipofsky*, the Court concurs with the Second Circuit's determination that NYSIF is a state agency. As such, it is entitled to sovereign immunity protection. Moreover, neither of the two exceptions to sovereign immunity – state waiver or abrogation – apply in this case. Thus, Gray's claims are excluded from the subject matter jurisdiction of the Court.

      In its opposition memoranda, Gray additionally asks that it be allowed time to consider amending its complaint to drop its monetary demand, and pursue only a declaratory

---

[3]    See Rec. Doc. 1-5, at pp. 2-5. In a pre-suit letter attached to Gray's complaint, Hal Friedman, Associate Attorney for NYSIF, contends that the endorsement's purpose is "to ensure that regular New York employees are not denied benefits merely because they happened to become injured while working temporarily out-of-state," but not to extend coverage beyond what New York law provides. *Id.*, at p. 2. At the time of Twitchell's alleged injury, he was working on a temporary assignment in Vermont.

judgment, in the event that the Court finds NYSIF to be immune from suit.[4]  In making this request, Gray accurately notes that the Eleventh Amendment serves to protect the treasuries of the states and maintain their integrity in our system of duel federalism.[5]  By retracting its claim for monetary relief, Gray posits that the funds of the State of New York will be shielded. This logic, however, is flawed.

Although the Eleventh Amendment does not bar an official capacity suit against a state official that seeks only *prospective* injunctive relief, *see, e.g., Union Pacific Railroad Company,* 662 F.3d at 340, n. 5, the same is not true when the suit is against a state, one of its agencies, or an "arm of the state."  *Clark,* 798 F.2d at 743.  In the latter situation, the suit is barred whether it is damages or injunctive relief at issue.  *Pennhurst State School,*  465 U.S. at 101-102; *Clark,* 798 F.2d 736.  Here, Gray, which bears the burden of demonstrating the maintenance of this Court's jurisdiction over its action, fails to demonstrate that a declaratory judgment against NYSIF would not likewise compromise the funds of the State of New York, regardless of the characterization of the remedy.  Thus, on the showing made, concern for the vulnerability of the state's purse would not be entirely dissipated by the proposed amendment. Accordingly, the Court denies Gray's alternative request for leave to amend.

---

[4]      See Rec. Doc. 11 at 8.

[5]      *Id.*

## CONCLUSION

For the reasons stated herein, the Court finds Defendant NYSIF to be protected by federal court sovereign immunity principles.  Accordingly, this action is dismissed without prejudice.

New Orleans, Louisiana, this 26th day of September 2012.

**KURT D. ENGELHARDT**
**United States District Judge**